IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHARON SMOTHERS and
CHARLES SMOTHERS                                                                                      PLAINTIFFS

V.                                                                        CIVIL ACTION NO. 1:20-CV-127-SA-DAS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                                      DEFENDANT

ORDER

On June 17, 2020, the Defendant, Allstate Property and Casualty Insurance Company, removed this action to this Court, premising federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. On August 24, 2020, Allstate filed a Motion to Dismiss Certain Claims or, In the Alternative, Motion for Judgment on the Pleadings [8]. The Plaintiffs, Sharon Smothers and Charles Smothers, have not responded to the Motion [8], and their time to do so has now passed. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

On December 10, 2018, Sharon Smothers was involved in a motor vehicle collision on Eason Boulevard in Tupelo, Mississippi. At the time of the collision, Sharon was operating a gold 2013 Buick Lacrosse. Charles Smothers, Sharon's husband, was not in the vehicle at the time of the accident. At all pertinent times, the Plaintiffs had in place an uninsured/underinsured motorist policy issued by Allstate. There is no dispute that the policy covered the Lacrosse nor is there any dispute that the policy was applicable to the damage incurred in the December 10, 2018 accident.

The Plaintiffs filed a claim with Allstate pursuant to the above-referenced policy. When the parties were unable to agree on the proper value of the Plaintiffs' claim, the Plaintiffs filed suit against Allstate in the Circuit Court of Lee County, Mississippi. In their Complaint [2], the

Plaintiffs allege that Allstate is liable for breach of contract, negligent handling of their claim, and bad faith. The Plaintiffs request compensatory and punitive damages.

After removing the case to this Court and answering the Complaint, Allstate filed the present Motion [8]. In its Motion [8], Allstate requests that the Court dismiss the Plaintiffs' bad faith claim and their corresponding request for punitive damages. Additionally, it requests that the Court dismiss Charles Smothers as a Plaintiff altogether, as he was not involved in the accident and the Complaint [2] sets forth no separate factual allegations as to any injuries which he has purportedly suffered. As noted above, the Plaintiffs did not respond to the Motion [8].[1]

*Applicable Standard*

"When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff." *Runnels v. Banks*, 2012 WL 2839802 at *1 (S.D. Miss. July 10, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955);

---

[1] Rule 7(b)(3)(E) of the Local Uniform Civil Rules provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L. U. Civ. R. 7(b)(3)(E). Although the Plaintiffs did not respond to the present Motion [8], since it requests dismissal of certain claims, the Court will not grant the Motion [8] as unopposed but will instead analyze it on the merits.

*see also International Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face.") (citations omitted). "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level." *Seahorn Investments, LLC v. Goodman Manufacturing Co., LP*, 667 F. App'x 452, 454 (5th Cir. 2016) (quoting *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)).

*Analysis and Discussion*

Allstate does not request dismissal of *all* claims asserted by the Plaintiffs but instead only requests that the Court dismiss the Plaintiffs' claim for bad faith and their request for punitive damages, as well as all claims asserted by Charles Smothers. Allstate contends that the Plaintiffs' Complaint [2] fails to satisfy the applicable pleading standard as to those claims.

 I. *Bad Faith and Punitive Damages*

As to bad faith and punitive damages, the Plaintiffs, in their Complaint [2], allege that "Allstate has failed and refused to negotiate in good faith with Plaintiffs towards the resolution of this claim." Additionally, they assert that Allstate "is in breach of its legal and fiduciary duty to act in good faith and therefore is liable for damages as a result of its bad faith negotiations. . . [F]urther, [Allstate's] acts of bad faith negotiations are so willful, wanton and egregious so as to warrant the imposition of punitive damages." Complaint [2], p. 3.

Concerning bad faith refusal to pay an insurance claim under Mississippi law, the Fifth Circuit has previously held:

> In order to recover punitive damages against an insurance company for bad-faith refusal to pay a claim, or refusal to honor an obligation under an insurance policy, the insured must first demonstrate that the claim or obligation was in fact owed. . . Second, the insured must demonstrate that the insurer has no arguable reason to

> refuse to pay the claim or to perform its contractual obligation. Finally, in order to recover punitive damages from the insurer for bad faith, the insured must demonstrate that the insurer's breach of the insurance contract results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort.

*Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008) (quoting JACKSON, MISS. INS. LAW, § 13.2; *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1095 (Miss. 1996)) (internal quotation marks omitted).

Allstate asserts that the allegations of the Plaintiffs' Complaint [2] are insufficient to state a claim for relief as to bad faith. Specifically, Allstate contends that "the Plaintiffs do not set forth facts asserting that the uninsured motorist claim was denied (it was not), that Allstate failed to adjust the claim, or that it acted egregiously or recklessly. Further, there are no allegations asserting that Allstate did not have an arguable or legitimate basis for allegedly acting in bad faith. Instead, the facts alleged refer only to the negotiations conducted between the parties." Def.'s Memorandum [9], p. 6.

The Fifth Circuit has made clear that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 354 (5th Cir. 2010) (quoting *Taylor v. Books A Million, Inc.*, 293 F.3d 376, 378 (5th Cir. 2002)); *see also Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)) ("[W]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

In the Court's view, the allegations of the Plaintiffs' Complaint [2] constitute conclusory allegations insufficient to survive dismissal. While the Plaintiffs state in conclusory fashion that Allstate failed to negotiate in good faith, the Complaint [2] contains no specific facts to support

that legal conclusion. Likewise, there are no alleged facts which, even if taken as true, would show that Allstate acted willfully or maliciously. In other words, the Court finds that the Plaintiffs' bad faith claim and their request for punitive damages are only legal conclusions, and they therefore fall below the applicable pleading standard.

Consequently, Allstate's request for dismissal of those claims is GRANTED. However, recognizing the preference to decide cases on the merits rather than on a pleading deficiency, the Court will grant the Plaintiffs a brief opportunity to amend their Complaint to address this inadequacy. *See*, *e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quoting *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977)) ("[O]ur cases support the premise that granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim . . . In the view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks omitted). The Court will grant the Plaintiffs fourteen days to amend their Complaint to address the issues noted above.

  II.  *Charles Smothers as a Plaintiff*

Allstate next contends that Charles Smothers should be dismissed as a Plaintiff in this case. Specifically, Allstate alleges that "[t]hroughout paragraphs 6 through 16 of the Complaint, Charles Smothers and Sharon Smothers are collected referred to as 'Plaintiffs.' . . . However, the claims against the Defendant arise out of a motor vehicle collision where Sharon Smothers is alleged to be the sole occupant of their vehicle. . . As there are no facts or allegations which set forth what

claims, if any, are made by him against Allstate, Charles Smothers should be dismissed from this cause." Def.'s Memorandum [9], p. 10.

The Court agrees that the Complaint [2] is devoid of any allegations as to damages which Charles Smothers has suffered. The Court's analysis on this issue is straightforward, as the Complaint [2] simply lacks any facts to support any claim on his behalf. However, recognizing that it is plausible that the Plaintiffs could state a claim for relief as to Charles Smothers, the Court will, for the same reason set forth above as to bad faith and punitive damages, also grant the Plaintiffs an opportunity to amend their Complaint to correct this failure.

*Conclusion*

For the reasons set forth above, Allstate's Motion [8] is GRANTED. However, the Plaintiffs' claim for bad faith, their request for punitive damages, and all claims asserted by Charles Smothers are dismissed *without prejudice*. The Plaintiffs shall have fourteen (14) days from today's date to amend their Complaint to address the inadequacies addressed above. The Plaintiffs are specifically advised that failure to amend their Complaint within fourteen (14) days will result in dismissal of those claims *with prejudice*.

SO ORDERED, this the 23rd day of February, 2021.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE